IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD and MARIA SHUPE, ) | No. CV-11-291-TUC-CKJ |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| THE CBE GROUP, ) | |
| ) | |
| Defendant. ) | |

Currently pending before the Court is Plaintiffs Richard and Maria Shupe's third Motion for Leave to File Amended Complaint [Doc. 21]. In compliance with the Court's September 26, 2011 Order [Doc. 26], Plaintiffs have filed a writing averring that their claims are less than $75,000.00.

*Amendment of the Complaint*

Once a responsive pleading has been filed, a complaint may be amended only by leave of court or written consent of the adverse party; however, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit directs that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations omitted). Indeed, "[t]his policy is applied even more liberally to pro se litigants." *Id.* Moreover, "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Id.* (citing *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam)).

In amending their Complaint, Plaintiffs seek to remove all federal claims arising out

of Defendant's alleged conduct. The remaining claims either arise under Arizona state law, or are under the jurisdiction of the Arizona state courts. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall be remanded***." 28 U.S.C. § 1447 (emphasis added). There is no evidence that Plaintiffs' amendment is sought in "bad faith or for the sole purpose of putting defendants through the removal-remand procedure." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n.3 (9th Cir. 1995).

In *Baddie*, the Plaintiffs amended their complaint to drop union defendants and federal claims subsequent to removal in order to obtain a remand to state court. *Id.* at 491. The *Baddie* court noted that plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.*

In this case, no discovery has taken place; a Rule 16 scheduling conference has not even been held. Defendant will not suffer any prejudice from a remand of the state court claims. As a result of Plaintiffs' amendments, this Court no longer has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and the case is to be remanded to Pima County Superior Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Grant Leave [to] Amend Complaint [Doc. 21] is GRANTED.

2. The Clerk of the Court shall file Plaintiffs' Lodged Proposed Amended Complaint [Doc. 22].

3. Upon filing of Plaintiffs' First Amended Complaint, this case shall be REMANDED to Pima County Superior Court (Cause # C20112834).

4. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court; and

. . .

1   5.   The Clerk of the Court shall then close its file in this matter.

2   DATED this 5th day of October, 2011.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge