RICHARD/MARIA SHUPE PRO SE
3657 S DOUBLE ECHO RD
TUCSON, AZ 85735

# UNITED STATES DISTRICT COURT
## COUNTY OF PIMA
## STATE OF ARIZONA

Richard/ Maria Shupe

v.

THE CBE GROUP SW, INC.

CASE No. 4:11-cv-00291-CKJ

AMENDED COMPLAINT FOR:

VIOLATION OF
THE TELEPHONE CONSUMER
PROTECTION ACT 47 U.S.C. 227
VIOLATION ARS 44-1282
HARASSMENT
INVASION OF PRIVACY (INTRUSION
UPON SECLUSION)

## BACKROUND:

On or about March , April, May and June of 2010 the Defendant made numerous calls to the Plaintiff's residential telephone number of 520-578-6400, in an effort to collect a debt belonging to a party other than the Plaintiffs. The Defendant was told more than once, that they had the wrong number , and that the number they called was on the Do Not Call Registry hereinafter named DNCR; and that "no one by that name resided here".

The Defendant refused to pay heed to the Plaintiff's notice, and continued to call; calling said number numerous times each day. On April 18th, 2011 Plaintiff's filed a Complaint in Superior Court , County of Pima, State of Arizona.

The Defendant then removed the case to this Court.

The Plaintiff's herein apologize to this Court for the additional burden placed upon it by the Pro Se status of the Plaintiff's. The Plaintiff's assert that they are not of the belief that they are the sharpest knife in the drawer. The Pro Se status of the Plaintiff's is borne of financial necessity. The Plaintiff's further acknowledge that any benefit given to them by the Court, is not a benefit of advantage, but rather for the purpose of the " Truth and Justice " mission of this Court.

**JURISDICTION:**

In the Plaintiff's original Complaint, the Plaintiff's had claimed violation of the FDCPA. This was the basis upon which the Defendant removed the case to this Court.

The Plaintiff's then removed said claim, and move to have the case Remanded back to State Court.

**SUBJECT JURISDICTION:**

Plaintiff's herein assert that the State Court has exclusive jurisdiction over the TCPA claim, as granted in the TCPA 227.

**DIVERSITY JURISDICTION:**

Plaintiff's further assert that this Court lacks Diversity Jurisdiction for the following reasons:

1) Defendant is a foreign corporation who's mailing address is in Waterloo, IA; and who's physical and principle place of business is in Cedar Falls, IA.

2) Defendant is incorporated in the State of Arizona. (see attached AZ Corporation Commission download of Defendant's Incorporation).

3) Agency: The Defendant has designated a third person to receive process in Arizona.(See above stated download)

4) Tortious conduct ; the Defendant conduct towards the Plaintiff's was Tortious.

5) Contact: The Defendant made numerous contacts to the Plaintiff's residence in Arizona; in excess of fifteen times.

6) The Defendant frequently does business in the State of Arizona.

7) States Courts have a right to make legal determinations of their own state laws, of which claims herein stated are governed by Arizona Revised Statutes, with the exception of the TCPA claim.

For the above stated reasons, the Defendant availed themselves to the jurisdiction of Arizona State Court.

**COMPLAINT:**

This action arises out of the Defendant's repeated violations of the TCPA 47 U.S.C. 227, Arizona Revised Statute 44-1282, Harassment, and Invasion of Privacy (Intrusion upon Seclusion).

Comes now the Plaintiff's in the above titled action against the Defendant and states the following statements as being true:

1) The Plaintiff's are both residents of Pima County Arizona.

2) The Plaintiff's are natural persons

3) That CBE Group SW, INC. is a foreign corporation who's mailing address, is in Waterloo, IA , and who's principle place of business and physical address is in Cedar Falls, IA.

4) That CBE Group SW,INC is incorporated in the State of Arizona

5)   That CBE Group SW, INC has a designated third party to receive service of process in the State of Arizona.

6)   That the Plaintiff's telephone number 520-578-6400 is a number placed on the DNCR.

7)   That the Plaintiff's have/had no business, or personal relationship with the Defendant prior to the Defendant's calls to the Plaintiff's residential telephone.

8)   That prior to the first call made by the Defendant to the Plaintiff's residential telephone, the Plaintiff's had no knowledge of the Defendant's existence.

9)   That the Plaintiff's twice informed the Defendant that they sought the wrong party by calling the Plaintiff's telephone, and that said number was on the DNCR, and that they were not to again call.

10)  That the Defendant used automatic telephone dialing systems to call the Plaintiff's in violation of the TCPA.

11)  That the Defendant failed to check the DNCR prior to calling the Plaintiff's.

12)  That the Defendant made numerous calls to the Plaintiff's in violation of the TCPA U.S.C. 47 227 and ARS 44-1282.

13)  That the Defendant's calls to the Plaintiff were made willfully and knowingly.

14)  That the Defendant's repeated and harassing calls made to the Plaintiff's have been made within applicable states of limitations.

15)  That all the calls made to the Plaintiff's by the Defendant were made while the Plaintiff's were secluded within their home.

16)  That the repeated calls caused physical injury to Plaintiff Maria Shupe who

suffers from a well documented medical condition.

17) That the Defendant's conduct violated ARS 44-1282 by calling a number on the DNCR.

18) That the Defendant harassed the Plaintiff's by calling numerous times throughout the day.

19) That the Defendant invaded the quite /peaceful enjoyment of their home by repeated unwanted calls to the Plaintiff's, thus invading the privacy of the Plaintiff's ; intrusion upon seclusion.

20) That the Plaintiff's have suffered actual damages in the form of physical harm, emotional distress, anger, anxiety, frustration , upset, among other negative emotions, as well as suffering from the unjust invasion of privacy by the Defendant.

**FIRST CAUSE OF ACTION: VIOLATION OF 47 U.S.C. 227 TCPA**

Plaintiff's incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

The Defendant made repeated / numerous calls to the Plaintiff's residential telephone in violation of the TCPA.

The Defendant made repeated calls to the Plaintiff's residential telephone using automatic dialing systems in violation of the TCPA.

**SECOND CAUSE OF ACTION: VIOLATION OF ARS 44-1282**

Plaintiff's incorporated by reference all of the paragraphs of this Complaint as though fully stated herein.

The Defendant made repeated unwanted and unauthorized calls to the Plaintiff's

residential telephone who's number was on the DNCR thus violating ARS 44-1282.

**THIRD CAUSE OF ACTION: HARASSMENT**

Plaintiff's incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

The Defendant after being requested not to call the Plaintiff's telephone, continued to Harass the Plaintiff's by repeated calls made each day at all times of the day.

**FOURTH CAUSE OF ACTION: INVASION OF PRIVACY(INTRUSION UPON SECLUSION)**

Plaintiff's incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

The Defendant invaded the Plaintiff's right to privacy by making numerous calls to the Plaintiff's telephone while the Plaintiff's were enjoying their right to quite enjoyment.

**PRYER FOR RELIEF:**

**FIRST CAUSE OF ACTION: VIOLATION OF THE TCPA**

There is no justification for the numerous violations of the TCPA by the Defendant. Plaintiff had no personal or business relationship with the Defendant, and had not consented to the Defendant to make calls to the Plaintiff's home.   Each call is a separate violation of the TCPA. Plaintiff's are entitled to statutory damages in the amount of $500.00 per violation of the TCPA. The Defendant made the calls to the Plaintiff's telephone willfully and knowingly.  The Plaintiff's therefore are entitled to

statutory damages of $1500.00 per violation. Total damages to be established at the time of trial.

## SECOND CAUSE OF ACTION: VIOLATION OF ARS 44-1282

There is no exception or justification for the numerous violations of the ARS 44-1282 by the Defendant. The Defendant knowingly and willfully made numerous calls to the Plaintiff's telephone. For each violation of ARS 44-1282 the Plaintiff's are entitled to statutory damages not to exceed $1000.00 per violation in addition to any damages recovered under the TCPA. Damages to be determined at the time of trial.

## THIRD CAUSE OF ACTION: HARASSMENT

There is no exception or justification for the numerous violations of the TCPA/ ARS 44-1282 by the Defendant. The repeated calls deliberately caused harassment to the Plaintiff's by the Defendant. Plaintiff's seek damages not to exceed treble damages granted the Plaintiff's for the Defendant's repeated violations of the TCPA/ ARS 44-1282, to be determined at the time of trial.

## FOURTH CAUSE OF ACTION: INVASION OF PRIVACY (INTRUSION UPON SECULSION)

There is no exception or justification for the invasion of the Plaintiff's privacy by the Defendant. The Plaintiff's seek damages not to exceed treble the amount awarded the Plaintiff's for the Defendant's violation of the TCPA/ 44-1282.

## PUNITIVE DAMAGES:

The Plaintiff's seek punitive damages for the Defendant's invasion of the Plaintiff's privacy, and for the Defendant's harassment of the Plaintiff's in an amount

not to exceed treble the total amount granted the Plaintiff's for the Defendant's actions against the Plaintiff's.

Plaintiff's further seek all reasonable cost and attorney fees.

**JURY DEMAND:**

The Plaintiff's assert their right in this matter to trial by jury.

**Respectively submitted this 30th day of August, 2011**

_____          _____
Richard Shupe, Pro Se                Maria L Shupe, Pro Se
3657 S Double Echo Rd
Tucson, AZ 85735
520-578-6400

RICHARD/MARIA SHUPE PRO SE
3657 S Double Echo Rd
Tucson, AZ  85735
Tel: 520-5786400



## SUPERIOR COURT
### COUNTY OF PIMA
### STATE OF ARIZONA

Richard/Maria Shupe
3657 S Double Echo Rd
Tucson, AZ  85735

          Plaintiffs

v.

CBE Group
131 Tower Park Dr. Ste 100

Waterloo, IA  50701-9374

          Defendant

CASE No. **C20112834**

COMPLAINT FOR:
VIOLATION OF TCPA
INVASION OF PRIVACY
VIOLATION OF FDCPA

Richard E. Gordon

**BACKROUND**

    The Plaintiffs have a land line telephone of which the number is 520-578-6400. The Plaintiffs said telephone number is listed on the FTC'S National Do Not Call List. The Defendant has called said number in excess of thirty-five times after being told not to call said number by the Plaintiffs.

**COMPLAINT:**

**VIOLATION OF TCPA U.S.C. 47 Telephone Communication Practice Act**

    The Plaintiffs have been called by the Defendant in excess of thirty-five times at all hours of day and night, in direct violation of the TCPA. The Defendants illegally used automatic telephone dialers to call the Plaintiffs. The Defendant used dead calls.

EXHIBIT A

## INVASION OF PRIVACY ( INTRUSION UPON SECLUSION)

The Plaintiffs said phone number is located in the Plaintiffs private residence. The calls to the Plaintiffs by the Defendant invaded the Plaintiffs quite enjoyment of their residence.

## VIOLATION OF FDCPA ( Fair Debt Collection Practice Act)

The Defendant violated the FDCPA 805/806 Causing a Phone to Ring

1) The Plaintiffs are natural persons whom reside in Pima County Arizona

2) The Defendant is a foreign corporation who's primary place of business is located in Waterloo , IA.

3) The Defendants business is Debt Collection.

4) The Plaintiffs have never established a business relationship with the Defendant

5) The Plaintiffs are not the persons whom the Defendant is seeking for debt collection.

6) The Plaintiffs informed the Defendant they were not the persons being named by the Defendant.

7) The Defendants knowingly and willfully continued to call Plaintiffs in excess of thirty-five times after being told not to do so.

8) The Plaintiffs phone number is registered on the National Do Not Call Registry.

9) The Plaintiffs are not in debt, and owe no person, business, etc any monies.

10) The Defendant made said calls to Plaintiffs while Plaintiffs were enjoying the quite enjoyment of their residence.

11) The Defendants used illegal automatic telephone dialing system to call the Plaintiffs, and of which were dead calls. (no answer when answered)

12) The Defendant acted willfully and knowingly.

EXHIBIT A

13) The above communications described communications made to the Plaintiffs by the Defendant were made in violation of the TCPA/FDCPA.

14) The herein stated detailed conduct by the Defendant, created an Invasion of Privacy, Intrusion upon Seclusion and resulted in actual damages to the Plaintiff.

15) The Defendant violated the Arizona State Constitution by their willful invasion of of the Plaintiffs privacy.

16) The Plaintiffs have suffered actual damages as a result of these illegal communications in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, and physical discomfort, among other negative emotions.

17) The harassing and repeated phone calls have been made within the applicable statutes of limitations.

**CAUSES OF ACTIONS:**

**COUNT I: VIOLATION OF THE TCPA USC 47**

Plaintiffs incorporates by reference all of the paragraphs of this complaint as though fully stated herein. Defendant repeatedly violated the TCPA by calls made to Plaintiffs home phone, specifically the calls made by illegal automatic dialers, predictive dialers, and or pre-recorded messages that have been unleashed against the Plaintiffs by the Defendant.

There is no exception or justification for the numerous violations of the TCPA by the Defendant to use these against the Plaintiffs land line phone.

Each call is a separate violation of the TCPA, and entitles the Plaintiffs to Statutory damages against the Defendant in the amount of at least $500.00 per violation, and for calls made knowingly and or willfully, the statutory damages are treble damages.

All actions by the Defendant were done "knowingly" and "willfully", were reckless or done with knowledge that said actions were in violation of the TCPA.

All violations of the TCPA by the Defendant proximately caused the injuries and

EXHIBIT A

and damages set forth in this complaint.

**COUNT II: INVASION OF PRIVACY ( INTRUSION UPON SECLUSION)**

The Plaintiffs incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

Arizona State Constitution gives every Arizona citizen the right to the quite enjoyment of their property.

The unwanted, and unsolicited calls made by the Defendant to the Plaintiffs while the Plaintiffs were secluded within the confines of their personal residence caused an Invasion of Privacy by the Defendant.

The Defendants willful desire to invade the Plaintiffs quite enjoyment, caused the Plaintiffs actual damages in the form of anxiety, emotional distress, frustration, upset, among other negative emotions. The Defendants caused physical pain by their Invasion of Privacy into the Plaintiffs seclusion.

**COUNT III: VIOLATION OF THE FAIR DEBT CREDIT PRACTICE ACT (FDCPA)**

The Plaintiffs incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant violated the FDCPA by causing the Plaintiffs phone to ring after being told by the Plaintiffs they don't owe a debt, and not those persons the Defendant was seeking. Statutory damages per violation are $1000.00.

**PRAYER FOR RELIEF:**

The Defendant's actions were done "willfully" and "knowingly". Therefore the Plaintiffs seek treble damages for each violation of the TCPA by the Defendant as

EXHIBIT A

follows:

A)   35 violations of the TCPA do not call …..@ $1500.00 per violation $52,500.00

B)   35 violations of the TCPA illegal dialers…@ $1500.00 per violation $52,500.00

Plaintiffs seek total compensatory damages for the Defendant's TCPA violations in the amount of $105,000.00

**INVASION OF PRIVACY: (INTRUSION UPON SECLUSION)**

The Defendants actions were done "knowingly" and "willfully".

Therefore the Plaintiffs seek compensatory damages in the amount of $52,500. The seek punitive damages from the Defendant in the amount of $52,500. The Plaintiffs seek total damages from the Defendant for their willful invasion of the Plaintiffs privacy in the amount of $105,000.00.

**VIOLATION OF FDCPA:**

The Defendant acted willfully and knowingly in their violation of the FDCPA. Therefore the Plaintiffs seek the maximum statutory damages of $1000.00 per violation. The Plaintiffs seek total damages for the Defendants FCDCPA violations in the amount of $35,000.00.

**ADDITIONALLY:**

The Plaintiffs seek all cost and reasonable attorney fees.

Plaintiffs seek interest from the time of Judgment in the amount of 10% monthly until said Judgment is paid by the Defendant.

The Plaintiffs seek cost of recovering said Judgment from the Defendant in the an amount not to exceed $25,000.00.

EXHIBIT A

respectively submitted this 19th day of April, 2011

_____       _____
Richard Shupe Pro Se                              Maria Shupe Pro Se

Ariz. Corp. Comm. -- Corporations Division    Page 1 of 4

Case 4:11-cv-00291-CKJ   Document 29   Filed 08/05/11   Page 15 of 18

## Arizona Corporation Commission
## State of Arizona Public Access System

08/27/2011                                                                                    3:25 PM

### Jump To...

Annual Reports    Scanned Documents    Microfilm

FORMS For Annual Reports To Be Printed And Mailed  << Click Here

| | |
|---|---|
| **File Number: F-0999211-1** | |
| **Corp. Name: THE CBE GROUP SW, INC.** | |

### Domestic Address

| |
|---|
| 1309 TECHNOLOGY PARKWAY |
| CEDAR FALLS, IA  50613 |

### Foreign Address

| |
|---|
| % CORPORATION SERVICE COMPANY |
| 2338 W ROYAL PALM RD STE-J |
| PHOENIX, AZ  85021 |

### Statutory Agent Information

| |
|---|
| **Agent Name:** CORPORATION SERVICE COMPANY |
| |
| **Agent Mailing/Physical Address:** |
| 2338 W ROYAL PALM RD STE-J |
| PHOENIX, AZ  85021 |
| |
| **Agent Status:** APPOINTED 08/21/2001 |
| **Agent Last Updated:** 09/28/2004 |

### Additional Corporate Information

| | |
|---|---|
| Corporation Type: BUSINESS | Business Type: CREDIT/COLLECTION |
| Incorporation Date: 08/21/2001 | Corporate Life Period: PERPETUAL |

Ariz. Corp. Comm. -- Corporations Division  Page 2 of 4

Case 4:11-cv-00291-CKJ   Document 29   Filed 08/05/11   Page 16 of 18

| Domicile: IOWA | County: MARICOPA |
|---|---|
| Approval Date: 08/21/2001 | Original Publish Date: 09/12/2001 |

## Officer Information

| | |
|---|---|
| THOMAS R PENALUNA<br>PRESIDENT/CEO<br>1309 TECHNOLOGY PARKWAY<br>CEDAR FALLS, IA  50613<br>Date of Taking Office: 10/01/1985<br>Last Updated: 12/22/2010 | DEBRA K REINHARDT<br>SECRETARY<br>1309 TECHNOLOGY PARKWAY<br>CEDAR FALLS, IA  50613<br>Date of Taking Office: 06/16/1996<br>Last Updated: 12/22/2010 |
| ROBERT S KAHLER<br>TREASURER<br>1309 TECHNOLOGY PARKWAY<br>CEDAR FALLS, IA  50613<br>Date of Taking Office: 04/07/1999<br>Last Updated: 12/22/2010 | |

## Director Information

| | |
|---|---|
| THOMAS R PENALUNA<br>DIRECTOR<br>1309 TECHNOLOGY PARKWAY<br>CEDAR FALLS, IA  50613<br>Date of Taking Office: 10/01/1985<br>Last Updated: 12/22/2010 | |

## Annual Reports

| Next Annual Report Due: 08/21/2011 | |
|---|---|

FORMS For Annual Reports To Be Printed And Mailed  << Click Here

| | | | | | |
|---|---|---|---|---|---|
| 2010 | 08 | 12/21/2010 | | | |
| 2009 | 08 | 07/03/2009 | | | |
| 2008 | 08 | 07/21/2008 | | | |
| 2007 | 08 | 08/28/2007 | | | |
| 2006 | 08 | 08/21/2006 | | | |
| 2005 | 08 | 07/25/2005 | | | |
| 2004 | 08 | 08/20/2004 | | | |
| 2003 | 08 | 02/25/2004 | | | |

| 2002 | 08 | 07/23/2002 | | | |

Back To Top

## Scanned Documents

(Click on gray button to view document - will open in a new window)

| | | |
|---|---|---|
| 00531615 | 02 ANNUAL REPORT | 07/23/2002 |
| 00776903 | MULTIPLE CHANGES | 08/25/2003 |
| 00874413 | 03 ANNUAL REPORT | 02/25/2004 |
| 01009189 | 04 ANNUAL REPORT | 08/20/2004 |
| 01286528 | 05 ANNUAL REPORT | 07/25/2005 |
| 01724249 | 06 ANNUAL REPORT | 08/21/2006 |
| 02141485 | 07 ANNUAL REPORT | 08/28/2007 |
| 02505950 | 08 ANNUAL REPORT | 07/21/2008 |
| 02845195 | 09 ANNUAL REPORT | 07/03/2009 |
| 03352400 | 10 ANNUAL REPORT | 12/21/2010 |

Back To Top

## Microfilm

| | | |
|---|---|---|
| 11482002018 | 08/21/2001 | APPLICATION FOR AUTHORITY |
| 20285067043 | 09/12/2001 | PUB OF APPL FOR AUTHORITY |
| 31681001913 | 07/23/2002 | 02 ANNUAL REPORT |
| 11592030039 | 06/09/2003 | 03 ANNUAL REPORT/MAIL RETURNED |
| 31745002875 | 08/25/2003 | MULTIPLE CHANGES |
| 31781006555 | 01/20/2004 | NOTICE OF PENDING REVOCATION |
| 31786000320 | 02/25/2004 | 03 ANNUAL REPORT |
| 31822001489 | 08/20/2004 | 04 ANNUAL REPORT |
| 31910003430 | 07/25/2005 | 05 ANNUAL REPORT |
| 31991002194 | 08/21/2006 | 06 ANNUAL REPORT |
| 32072000842 | 08/28/2007 | 07 ANNUAL REPORT |
| 32148000861 | 07/21/2008 | 08 ANNUAL REPORT |

Back To Top

## Comments

CERTIFICATE OF GOOD STANDING PRINTED BY SONIAS ON 08/21/2001

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**